Ellen Jean Winograd, Esq.
State Bar No. 815
ZEH & WINOGRAD
575 Forest Street, Suite 200
Reno, NV 89509
Telephone: 775-323-5700
Fax: 775-786-8183

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

| | |
|---|---|
| GERALD WILLIS,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS, INC.; EA SPORTS, a business entity; and DOES I - XX,<br>Defendants. | Case No<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW Gerald Willis, Plaintiff herein and alleges and avers as follows:

I

## THE PARTIES

1. Plaintiff Gerald Willis (hereinafter Plaintiff or "Mr. Willis") is a music teacher, conductor and composer residing in the state of Nevada, currently, in Washoe County. At all times relevant to the composition of the musical work herein at issue and registration of the copyright therefor, Mr. Willis was a resident of Las Vegas in Clark County, Nevada.

2. Plaintiff is informed and believes and thereon alleges that Defendant Electronic Arts, Inc. (hereinafter "EA") is a corporation organized under the laws of the state of Delaware with its principal place of business at 209 Redwood Shores Parkway, Redwood City, CA 94065.

Plaintiff is informed and believes thereon and alleges that EA is a publicly traded corporation with the NASDAQ ticker symbol ERTS.

3. Plaintiff is informed and believes and thereon alleges that Defendant EA Sports (hereinafter "EA Sports") is an affiliate, division and/or subsidiary of EA that develops, markets and distributes electronic sports games on numerous platforms, throughout the United States and internationally.

4. Plaintiff is informed and believes and thereon alleges that from August, 2002 to September, 2005, EA and/or EA Sports availed themselves of the benefits and jurisdiction of the state of Nevada by registering with the Nevada Secretary of State as a foreign corporation, corporation number C20693-2002, listing GKL Resident Agents/Filings, Inc., 1000 East Williams Street, Suite 204, Carson City, Nevada 89701 as its resident agent.

5. EA may be served with process by serving its California registered agent Stephen G. Bene, 209 Redwood Shores Parkway, Redwood City, California 94065, its Delaware resident agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, or its Nevada Resident Agent GKL Resident Agents/Filings, Inc., 1000 East William Street, Ste. 204, Carson City, NV 89701.

6. Plaintiff does not know the true names and/or capacities of the Defendants sued herein as DOES I through XX, inclusive, and prays for leave when their true names and/or capacities are ascertained, Plaintiff may be permitted to insert the same herein with the appropriate allegations, but upon information and belief, Plaintiff alleges that each of said Defendants, whether individuals, corporations or other entities, was the agent of every other Defendant and all are legally responsible for the events and happenings referred to herein and proximately caused damages to Plaintiff

7.

## II

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it is a civil action involving a claim for copyright infringement pursuant to the copyright act, codified *inter alia*, at 17 U.S.C. § 101, *et. seq.*

9. This Court has personal jurisdiction over the Defendants under the Nevada long-arm jurisdictional statute, codified, *inter alia*, at NRS 14.065.

10. Plaintiff is informed and believes and thereon alleges that Defendants and/or DOES I - XX have minimum contacts with the state of Nevada such that the exercise of jurisdiction is reasonable. Further, Defendants have availed themselves of the jurisdiction of this Court and have committed such purposeful acts and/or transactions in Las Vegas, Nevada and nationwide. Generally, that they should reasonably know and expect that they could be brought to this Court as a consequence of such activity.

11. At the time of the filing of this complaint, Defendants and or DOES I - XX have marketed, sold and advertised the product that is the subject of this litigation, in a manner that is directly violative of Plaintiff's copyright. For these reasons, personal jurisdiction, both general and specific, exist and venues proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III

## BACKGROUND AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

12. Plaintiff Gerald G. Willis, a resident of the state of Nevada and composer of the University of Nevada, Las Vegas (hereinafter "UNLV") fight song: "Win With The Rebels" is the owner of all right, title and interest to United States Copyright Registration No. PA 465 098,

registered with the United States Copyright office on April 23, 1990. A copy of the copyright is appended hereto as Exhibit 1.

13. Copyright Registration No. PA 465 098 for "UNLV fight song: Win With The Rebels", sets forth the nature of the authorship as the composition of instrumental work with vocal lyrics and the copyright was issued to Mr. Willis for words and music.

14. Plaintiff is informed and believes and thereon alleges that Defendants manufacture, sell, offer for sale and/or use electronic sports games, on numerous platforms, including, but not limited to "NCAA Basketball '09; NCAA Football '09; NCAA March Madness '08; NCAA Football '08; NCAA March Madness '07; NCAA Football '07; MVP NCAA Baseball '07; NCAA March Madness '06; NCAA Football '06; and MVP NCAA Baseball '06.

15. Plaintiff is informed and believes and thereon alleges that Defendants are the world's leading independent developer and publisher of interactive entertainment software for personal computers and advanced entertainment systems such as the PlayStation®2 Computer Entertainment System, PlayStation®3 Computer Entertainment System, the PlayStation®, Xbox™ video game console from Microsoft, Wii™ game console, the Nintendo GameCube™ and Game Boy® Advance. Defendants' entertainment software is comprised of both video and sound components. Plaintiff informed and believes and thereon alleges an important and essential element of Defendants' software is its realistic feel that is created, at least in part, by its recorded and reproduced sounds including but not limited to college fight songs. Plaintiff is informed and believes and thereon alleges Defendants' products have reached more than a million unit sales worldwide.

16. Plaintiff is informed and believes and thereon alleges that the musical composition "UNLV fight song: Win With The Rebels", Copyright No. PA 465 098, has been

4

utilized in the aforementioned sports games, all to the benefit of EA, without permission, license, or other authority granted by the copyright holder, Gerald G. Willis, Plaintiff herein.

IV

**FIRST CLAIM FOR RELIEF (COPYRIGHT INFRINGEMENT)**

17. Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

18. The copyrighted work "UNLV fight song: Win With The Rebels" constitutes copyrightable subject matter under the copyright laws insofar as it is an original musical composition that can be reproduced, communicated or otherwise perceived either directly or with the aid of a machine or device.

19. Plaintiff owns a valid copyright registration for the copyrighted work and therefore has complied with the statutory requirements for the creation and enforcement of his copyrights in the copyrighted work.

20. Defendants and/or DOES I - XX have reproduced, prepared derivative works, distributed copies, and/or utilized the copyrighted work for commercial sale and release in sports games, on numerous platforms as set forth above.

21. As a direct and proximate result of Defendants' and/or DOES I - XX past violations and ongoing violations of Plaintiff's copyright, Plaintiff has suffered and continues to suffer monetary damages and injury to his business interests, reputation and goodwill.

22. Plaintiff is entitled to injunctive relief and an award of statutory damages for Defendants' and/or DOES I - XX infringement or in the alternative, Plaintiff is entitled to damages commensurate with Defendants' and/or DOES I - XX profits on its unlawful appropriation of Plaintiff's musical composition.

23. Plaintiff is entitled to reasonable attorneys fees and costs for the necessity of having to bring this claim.

V

**SECOND CLAIM FOR RELIEF (INTENTIONAL COPYRIGHT INFRINGEMENT)**

24. Plaintiff repeats and realleges each and every allegation above, as if set forth in full herein.

25. At all times relevant hereto, Defendants and/or DOES I - XX were on constructive notice of Plaintiff's Registration of Copyright, PA 465 098

26. Plaintiff is informed and believes and thereon alleges that at least as early as September, 2008, Defendants and/or DOES I - XX were on <u>actual</u> notice that Plaintiff owned all rights to the musical composition "UNLV fight song: Win With The Rebels" and that he had registered his copyright in 1990.

27. On or about September 11, 2008, Defendants and/or DOES I - XX were provided with a copy of the copyright registration for "UNLV fight song: Win With The Rebels" demonstrating the sole copyright owner as Gerald Willis.

28. Defendants and/or DOES I - XX have acknowledged that Gerald Willis owns a valid copyright registration for "UNLV fight song: Win With The Rebels."

29. Notwithstanding Defendants' and/or DOES I - XX knowledge of valid copyright registration of "UNLV fight song: Win With The Rebels", Plaintiff is informed and believes and thereon alleges that Defendants and/or DOES I - XX continue to utilize and exploit the copyrighted work for commercial purposes, with knowledge that such use constitutes an intentional infringement of the copyright registration No. PA 465 098.

30. As a direct and proximate result of Defendants' and/or DOES I - XX violations and ongoing violations of Plaintiff's copyright, Plaintiff has suffered and continues to suffer monetary damages and injury to his business interests, reputation and goodwill.

31. Plaintiff is entitled to injunctive relief and an award of statutory damages for Defendants' infringement or in the alternative, Plaintiff is entitled to damages commensurate with Defendants' and/or DOES I - XX profits on its unlawful appropriation of Defendants' musical composition.

32. As a result of Defendants and/or DOES I - XX's intentional commercial exploitation of Plaintiff's musical composition known to be protected by a copyright registration, EA has willfully infringed Plaintiff's rights since the registration date of the copyright work and continues to willfully infringe Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as follows:

A. That Defendants be adjudged to have infringed United States Copyright Registration No. PA 465 098.

B. That Defendants be adjudged to have willfully and deliberately infringed United States Copyright Registration No. PA 465 098.

C. That Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be permanently enjoined from directly or indirectly infringing United States Copyright Registration No. PA 465 098.

D. That this Court order an accounting with respect to sales by Defendants on all infringing products.

E. That Plaintiff is entitled to Defendants' total profit on the sales of any and all infringing products.

F. That Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined from

directly or indirectly infringing Plaintiff's United States Copyright Registration No. PA 465 098.

    G.    That this Court award reasonable attorney fees, costs and expenses.

    H.    That this Court order the impounding and destruction of all infringing products.

    I.    That the Court grant a preliminary and permanent injunction enjoining Defendants, and all persons acting in active concert with Defendants, from copying, reproducing, distributing, displaying and/or selling the copyrighted work.

    J.    Pursuant to 17 U.S.C. § 504, award Plaintiff statutory damages of up to $150,000 per infringement or, in the alternative, all profits earned by Defendants that are attributable to their acts of copyright infringement.

    K.    Pursuant to 17 U.S.C. § 505, award Plaintiff his full attorneys' fees and costs in litigating this matter;

    L.    That this Court award such other relief to Plaintiff which the Court deems just and reasonable.

### AFFIRMATION PURSUANT TO NRS 239B.030

This document does not contain the Social Security number of any person.

DATED this 29th day of September, 2008.    Zeh & Winograd

/s/Ellen Jean Winograd
Ellen Jean Winograd

Attorney for Plaintiff
GERALD WILLIS

8

# EXHIBIT 1



This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.



REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

UNITED STATES COPYRIGHT OFFICE
REGISTRATION NUMBER

PA  465 098

PA    PAU

EFFECTIVE DATE OF REGISTRATION

April 23, 1990

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1 TITLE OF THIS WORK ▼**
UNLV Fight Song: Win With The Rebels

PREVIOUS OR ALTERNATIVE TITLES ▼
--

NATURE OF THIS WORK ▼ See instructions
Words and Music

**2 a NAME OF AUTHOR ▼**
Gerald G. Willis

DATES OF BIRTH AND DEATH
Year Born ▼ 1955    Year Died ▼ --

Was this contribution to the work a "work made for hire"?
☒ Yes commissioned by
☐ No Univ. Nevada

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
Citizen of ▶ U.S.A.
OR Domiciled in ▶ U.S.A.

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed. ▼
Composition of instrumental work with vocal lyrics

**b NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP

**c NAME OF AUTHOR ▼**

DATES OF BIRTH AND DEATH

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP

**3 a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
1986 ◀ Year

**b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Month ▶ Sept.  Day ▶ 1  Year ▶ 1986
U.S.A.

**4 COPYRIGHT CLAIMANT(S)**
Gerald Willis c/o Ellen Jean Winograd
3320 W. Sahara #380
Las Vegas, Nevada 89102

APPLICATION RECEIVED
APR 23 1990
ONE DEPOSIT RECEIVED
APR 23 1990
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

TRANSFER
--

MORE ON BACK ▶
- Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
- See detailed instructions
- Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

FORM PA

PA 465 098

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼  **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Ellen Jean Winograd, Esq.
3320 W. Sahara #380
Las Vegas, Nevada 89102

Area Code & Telephone Number ▶ (702) 362-7800  (702) 434-1464

Be sure to give your daytime phone number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Gerald G. Willis                                    date ▶ April 19, 1990

Handwritten signature (X) ▼
[signature]

MAIL CERTIFICATE TO

Certificate will be mailed in window envelope

Name ▼
Ellen Jean Winograd, Esq.
Number/Street/Apartment Number ▼
3320 W. Sahara #380
City/State/ZIP ▼
Las Vegas, Nevada 89102

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Non-refundable $10 filing fee in check or money order payable to Register of Copyrights
3. Deposit material
**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

* 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1989—200,000    ☆ U.S. GOVERNMENT PRINTING OFFICE: 1989—241-428/80,026